```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


ELGARD CORPORATION,              :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:93CV1776(DFM)
                                 :
BRENNAN CONSTRUCTION,            :
and THE AMERICAN INSURANCE       :
COMPANY,                         :
                                 :
     Defendants.                 :
_____  :
                                 :
BRENNAN CONSTRUCTION COMPANY,    :
                                 :
     Third-Party Plaintiff,      :
                                 :
     v.                          :
                                 :
R.C. ADCO, INC.,                 :
ROBERT C. ADAMS and              :
DEBRA E. ADAMS,                  :
                                 :
     Third-Party Defendants.     :
```

RULING ON PLAINTIFF'S MOTIONS FOR JUDGMENT

This diversity case emanates from a payment dispute in a bridge construction project. The case is on remand from the Court of Appeals for the Second Circuit. See Elgard Corp. v. Brennan Const. Co., 388 F.3d 30 (2d Cir. 2004). Pending before the court are the plaintiff's "motion for judgment in accordance with mandate of Second Circuit and motion for supplemental judgment" (doc. #104) and "motion for entry of judgment under Rule 54(b)." (Doc. #112.)

I.   Background

On September 2, 1993, pursuant to a 1992 contract, the

plaintiff, a subcontractor, commenced this action against the defendants Brennan Construction Company ("Brennan"), a general contractor, and its surety, American Insurance Company ("American"), seeking payment of $107,445, plus interest, costs and attorney's fees. On September 7, 1993, Elgard filed a settlement offer in the amount of $105,000 pursuant to Connecticut's "Offer of Judgment" statute, Conn. Gen. Stat. § 52-192a. On February 7, 1997, during the litigation, Brennan paid the plaintiff $107,445 and specified that it was to be used as payment of the principal. Elgard cashed the check. Interest and attorney's fees remained at issue and the litigation continued. On September 27, 1999, after a bench trial, the court issued a decision finding the defendants liable to the plaintiff under Conn. Gen. Stat. § 49-42.[1] The court: (1) awarded Elgard $78,001.28 in statutory interest[2] on the principal of $107,445 pursuant to Conn. Gen. Stat. § 49-42; (2) denied Elgard's claim for interest on the $78,001.28; (3) denied Elgard's claim for offer-of-judgment interest pursuant to Conn. Gen. Stat. § 52-192a because the amount recovered

---

[1]Pursuant to Conn. Gen. Stat. § 49-42, "the court judgment shall award the prevailing party the costs for bringing such proceeding and allow interest at the rate of interest specified in the labor or materials contract under which the claims arises . . . upon the amount recovered." The contract at issue provided that interest accrue on unpaid balances at 18% per annum.

[2]The court calculated interest from January 26, 1993, the date plaintiff served a notice of claim on American, through February 7, 1997, i.e., ($107,445 x 18%/365) x (1472 days between January 26, 1993 and February 7, 1997) for a total of $78,001.28.

($78,001.28) did not exceed the plaintiff's offer of judgment; and (4) denied Elgard's request for attorney's fees on the ground that the defendants' estoppel defense was not without substantial basis in fact or law.

On appeal, the Second Circuit affirmed the trial court's judgment as to liability and the court's award of $78,001.28. However, the Court of Appeals vacated that part of the judgment in which the district court denied interest on the $78,001.28 and denied offer-of-judgment interest. The Court of Appeals reversed the trial court's denial of attorney's fees. The Court of Appeals held that the district court "should have awarded Elgard $78,001.28 in accumulated contract interest plus prejudgment interest on that unpaid amount pursuant to § 49-42 of $37,113.90,[3] for a total award of $115,115.18." Elgard Corp. v. Brennan Const. Co., 388 F.3d 30, 36 (2d Cir. 2004). Concomitantly, the court found that Elgard was entitled to offer-of-judgment interest. The Court of Appeals held that "[s]ince Elgard was entitled to a $115,115.18 judgment -- well above the $105,000 settlement offered in 1993 -- it is entitled to offer-of-judgment interest in the amount of $83,791.24."[4] Id. at 37. As a final matter, the Court of Appeals reversed the trial court's denial of Elgard's request for attorney's fees because it

---

[3]($78,001.28 x 18%/365) x (965 days between February 7, 1997 and September 30, 1999).

[4]($115,115.18 x 12%/365) x (2214 days from September 7, 1993 through September 30, 1999).

3

concluded that American and Brennan's defense had no substantial basis in fact and the plaintiff had a manifest basis for attorney's fees under § 49-42.  Id. at 38.  On December 21, 2004, the mandate issued, providing in pertinent part:

> On consideration whereof, it is hereby ORDERED, ADJUDGED and DECREED that the judgment of said District Court be and it hereby is AFFIRMED in part, REVERSED in part and VACATED and REMANDED in part in accordance with the opinion of this Court.

(Doc. #103.)  Following the return of the mandate, the plaintiff did not file with the Second Circuit any request that it award post judgment interest.

## II. The Plaintiff's Requests

The plaintiff's motions raise issues regarding the award of post judgment and offer-of-judgment interest.  On May 5, 2005, the court ordered supplemental briefing on these issues.  (Doc. #118.)

In its "motion for judgment in accordance with mandate of Second Circuit and motion for supplemental judgment," the plaintiff seeks an award of $200,235.50 in offer-of-judgment interest.  (Doc. #104 at 5.)  According to Elgard, it should be awarded offer-of-judgment interest on $275,090.18 (the aggregate of $78,001.28 and $37,113, amounts determined by the Second Circuit, and the plaintiff's attorney's fees of $159,975 at the trial level).[5]  Elgard claims it is entitled to a judgment in the amount of

---

[5]Although the plaintiff's motion seeks an award of attorney fees, that issue is not ripe.  This ruling is confined to the plaintiff's requests as to various interest awards.

4

$475,325.68 ($275,090.18 + $200,235.50).

The plaintiff next requests that this proposed judgment of $475,325.68 be supplemented by, inter alia, post judgment interest from September 30, 1999 until the date the court enters the judgment.[6]  (Doc. #104 at 6.)

In the plaintiff's "Motion for Entry of Judgment under Rule 54(b)," the plaintiff claims that the September 30, 1999 judgment should be modified to reflect $198,906.42, an aggregate of the amounts to which the Court of Appeals found it was entitled.[7]  The plaintiff further requests that the proposed modified judgment be supplemented to provide for post judgment interest as of September 30, 1999.  (Doc. #112.)

The defendant agrees that the plaintiff is entitled to $198,906.42 as set forth by the Court of Appeals but objects to the plaintiff's claims that it is entitled to post judgment interest as of September 30, 1999 and offer-of-judgment interest in excess of that specified by the Court of Appeals.

---

[6] Specifically, the plaintiff requests that the judgment be supplemented by $220,460.25, comprised of $94,225 in attorney's fees at the appellate level and $126,235.25 in post judgment interest from September 30, 1999 to January 20, 2005 (accruing at $73.70 per day).

[7] The initial award in the district court of $78,001.28, plus the $37,113.90 in prejudgment interest and $83,791.24 in offer-of-judgment interest the Court of Appeals found should have been awarded to the plaintiff.

5

III. <u>Discussion</u>

The court first considers the issue of post judgment interest. Under 28 U.S.C. § 1961(a),[8] a plaintiff is entitled to post judgment interest calculated as of the "date of the entry of the judgment. . . ." "Such relief is 'designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment.'" <u>Goodrich Corp. v. Town of Middlebury</u>, 311 F.3d 154, 178 (2d Cir. 2002) (quoting <u>Andrulonis v. United States</u>, 26 F.3d 1224, 1230 (2d Cir. 1994)). "[P]ost-judgment interest commences from the date a judgment is ascertained in a meaningful way." <u>Id.</u>

It is undisputed that the plaintiff is entitled to post judgment interest pursuant to 28 U.S.C. § 1961. The parties disagree, however, as to the date from which post judgment interest should be calculated. The plaintiff argues that it is entitled to post judgment interest as of September 30, 1999, the date the trial court entered judgment, on all of the monies to which the Second Circuit found the plaintiff was entitled. The defendants disagree and contend that "[b]ecause the Second Circuit did not provide

---

[8] 28 U.S.C. § 1961 provides in pertinent part: "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment."

6

instructions regarding post judgment interest, Rule 37(b) requires the award of post judgment interest to run from no earlier than the date of the Second Circuit's decision, not from the date of [the] original judgment in September 1999."[9] (Doc. #119 at 11.)

Rule 37 of the Federal Rules of Appellate Procedure provides:

> (a) When the Court Affirms. Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.
>
> (b) When the Court Reverses. If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

According to Fed. R. App. 37(a), when a court of appeals affirms a money judgment in a civil case, post judgment interest accrues from the date the judgment was entered in the district court, just as if no appeal has been taken. 16A Wright, Miller & Cooper, Federal Practice and Procedure § 3983, at 629 (3d ed. 1999)("Wright & Miller"). If a judgment is modified or reversed with a direction that a money judgment be entered in the district

---

[9]Although the defendants' principal claim is that post judgment interest does not begin to accrue until the Second Circuit issued its mandate, they also posit an alternative theory. Specifically, the defendants propose that should the district court award post judgment interest, "Elgard is entitled, at most, to post judgment interest on $78,001.28 (the amount of the original judgment) from the date of that judgment (September 30, 1999)." (Doc. #119 at 11.) The court is unpersuaded by the defendants' contention, for which they did not offer authority and which appears to be inconsistent with the Fed. R. App. P. 37.

court, Rule 37(b) provides that the mandate must contain instructions about the allowance of post judgment interest. 16A Wright & Miller § 3983, at 629; Smith v. National R.R. Passenger Corp., 856 F.2d 467, 472-73 (2d Cir. 1988).  "If the mandate of the court of appeals says nothing about interest, despite the command of Rule 37, it will be assumed that interest commences from the date of entry of the appellate court judgment."  16A Wright & Miller § 3983, at 635.  See also 20A James Wm. Moore et al., Moore's Federal Practice § 337.12[3] (3d ed. 2000)("If the mandate is silent about interest . . . the district court on remand has no choice but to begin post judgment interest with entry of the postremand judgment.")  See Briggs v. Pennsylvania R.R. Co., 334 U.S. 304, 306 (1948).  "Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question. Fed. R. App. P. 37 advisory committee's note."  New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 604 (2d Cir. 2003); 16A Wright & Miller § 3938, at 635; 20A Moore's Federal Practice at § 337.12[3].  See, e.g., Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 96 n.5 (3rd Cir. 1993) ("we have the authority to recall our mandate so as expressly to provide for the awarding of post-

judgment interest"); Reaves v. Ole Man River Towing, Inc., 761 F.2d 1111, 1112 (5th Cir. 1985) (district court acted properly in not awarding post judgment interest where remand was silent; upon motion, the Court of Appeals amended its mandate to allow interest from the date of the district court's first decision).  Rule 37 "gives appellate courts discretion to decide the issue on a case-by-case basis."  Smith v. Nat'l R.R. Passenger Corp., 856 F.2d 467, 473 (2d Cir. 1988).

The plaintiff argues that Fed. R. App. P. 37 does not govern the issue of post judgment interest in this case because the mandate does not direct the entry of a particular money judgment. It cites as support Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96 (2d Cir. 2004).

The plaintiff's reliance on Westinghouse is unavailing.  In the initial appeal in Westinghouse, the Second Circuit vacated the district court's judgment that the defendant was entitled to recoupment and setoff and remanded the case for further proceedings.  On remand, the district court awarded post judgment interest as of the date of the district court's initial judgment. In the second appeal, the Second Circuit vacated and remanded, holding that the district's court initial judgment was not ascertained in a meaningful way so as to trigger post judgment interest.  Rule 37 was not relevant to the Court of Appeals' determination regarding the date the district court should have

9

awarded post judgment interest:

> By their terms Rule 37(b) and the underlying <u>Briggs</u> limitation on district court power apply only when the mandate directs the district court to enter a money judgment. . . .
> [W]e believe there must be at least some indication that the mandate is directing the entry of a <u>particular</u> money judgment.  In the absence of such an indication, the district court should not be barred from awarding interest on its own since doing so would not deviate from the mandate.

<u>Westinghouse</u>, 371 F.3d 96, 103-04 (emphasis in original).  Rule 37(b) did not apply because the Second Circuit's mandate did not direct the district court to enter a money judgment.  Instead, the mandate vacated the district court's initial judgment and remanded "for further proceedings in accordance with the opinion of this Court."  <u>Id.</u> at 104.  The Second Circuit explained that although "it is clear that the effect of the mandate and opinion was to ensure that the district court would ultimately enter a money judgment in favor of Westinghouse, neither document suggested what the amount of the judgment should be . . . ."  <u>Id.</u>  That is not the situation here.  In this case, the Second Circuit's decision clearly specified that the district court enter a particular money judgment -- $198,906.42 plus attorney's fees.  The Court of Appeals did not indicate when post judgment interest should commence.  As a result, pursuant to Fed. R. App. P. 37, the district court is without authority to award post judgment interest as of September 30, 1999.  <u>See</u> <u>Roboserve, Inc. v. Kato Kagaku Co., Ltd.</u>, 942 F. Supp. 1199 (N.D. Ill. 1996) (district court did not have authority

10

to grant plaintiff's request for post judgment interest where mandate was silent); Indu Craft, Inc. v. Bank of Baroda, 87 CIV. 7379, 1995 WL 479516, at *3 (S.D.N.Y. Aug. 10, 1995) (declining to award plaintiff interest where mandate was silent).

The court turns next to the issue of offer-of-judgment interest. The plaintiff claims that it is entitled to $200,235.50 in offer-of-judgment interest. (Doc. #104 at 5.) The Second Circuit held that the plaintiff was entitled to offer-of-judgment interest in the amount of $83,791.24. The Court of Appeals determined this figure by calculating the interest on $115,115.18 ($78,001.28 plus $37,113.90) from September 7, 1993 to September 30, 1999. Elgard Corp. v. Brennan Const. Co., 388 F.3d 30, 37 (2d Cir. 2004). The plaintiff's request that it be awarded an offer-of-judgment in excess of that expressly determined by the Second Circuit is beyond this court's authority. It is well established that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306 (1948).

IV. Conclusion

For these reasons, the plaintiff's requests for post judgment and offer-of-judgment interest as set forth in its "motion for judgment in accordance with mandate of Second Circuit and motion for supplemental judgment" (doc. #104) are denied. The plaintiff's "motion for entry of judgment under Rule 54(b)" (doc. #112) is

11

granted in part and denied in part. The plaintiff's request that a modified judgment be entered in the amount of $198,906.42 is granted. The plaintiff's request that the court award it post judgment interest as of September 30, 1999 is denied as is the plaintiff's claim that it is entitled to offer-of-judgment interest in an amount different than that specified in the Second Circuit's opinion.

SO ORDERED at Hartford, Connecticut this 30th day of September, 2005.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```